IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | | |
|---|---|---|
| DANIEL MORRIS BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-CV-10 PGC |
| | ) | |
| v. | ) | District Judge Paul Cassell |
| | ) | |
| ADC et al., | ) | **ORDER TO DISMISS** |
| | ) | |
| Defendants. | ) | Magistrate Judge David Nuffer |

_____

Plaintiff/inmate, Daniel Morris Burke, filed a civil rights complaint,[1] in which he stated claims of failure to protect and inadequate medical care against Salt Lake County Jail personnel. In his complaint, Plaintiff only generally alleged that he used the jail grievance process to remedy his claims, so that it was unclear which claims he had grieved, the levels at which relief was sought, and what responses were given by the jail. This did not meet the exhaustion pleading requirement for prisoners.[2] Therefore, on January 23, 2006, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to properly allege that he fully exhausted each of his claims in the jail grievance process. In response, Plaintiff submitted grievance documents showing that he tried to grieve his claims. However, the documents also show that jail staff refused to consider the merits of his claims because he had filed his grievances too late.

---

[1] *See* 42 U.S.C.S. § 1983 (2006).

[2] *Id.* § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004) (quoting *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000)); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).

The Tenth Circuit has held that the exhaustion requirement "contains a procedural default concept."[3] When a prisoner fails to meet a procedural rule that bars him from seeking relief--e.g., a grievance time limit--the relief becomes unavailable, and he is unable to exhaust his claims.[4]

> Allowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's intent to give prison officials the opportunity to take corrective action that may satisfy inmates and reduce the need for litigation, to filter out frivolous claims, and to create an administrative record that would facilitate subsequent judicial review.[5]

So, although Plaintiff went "through the formality of submitting a time-barred grievance, he 'may not successfully argue that he ha[s] exhausted his administrative remedies by, in essence, failing to employ them.'"[6]

IT IS THEREFORE ORDERED that Plaintiff's complaint is dismissed because his late-filed grievance(s) barred him from seeking administrative relief as is necessary before filing a jail-conditions lawsuit.

DATED this 3rd day of April, 2006.

BY THE COURT:

_____
PAUL G. CASSELL
United States District Judge

---

[3] *Ross*, 365 F.3d at 1186.

[4] *Id.*

[5] *Id.*

[6] *Id.* (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002)).